UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KRAMER & FRANK, P.C., | ) | |
| | ) | |
| Plaintiff/ | ) | |
| Counterdefendant. | ) | |
| | ) | |
| v. | ) | Case No. 4:05CV2395 RWS |
| | ) | |
| KEVIN WIBBENMEYER, et al., | ) | |
| | ) | |
| Defendants/ | ) | |
| Counterclaimants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on Kramer & Frank's Motion to Dismiss, or in the Alternative, for a More Definite Statement [#6]. The motion for dismissal under Rule 12(b)(6) will be denied without prejudice. The motion for a more definite statement under Rule 12(e) will be granted.

Defendants have filed a twenty-four page counterclaim. The counterclaim fails to meet the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a) requires a party seeking relief to file a "short and plain statement of the claim showing that the pleader is entitled to relief . . ." Rule 9(b) requires a party alleging fraud or mistake to plead "the circumstances constituting fraud or mistake . . . with particularity." Rule 10(b) requires that "[e]ach claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth."

The counterclaim fails to meet the requirements set forth in Rule 8(a) because it is neither short nor plain. Rather, the counterclaim is lengthy, extremely redundant, vague, and filled with conclusory statements.

It is unclear whether the counterclaim meets Rule 9(b)'s requirement that fraud be pled with particularity because it is unclear whether the counterclaim avers fraud. The allegations in the counterclaim that might be construed to aver fraud are too vague to make such a determination. If Defendants intend to aver fraud, they must do so in compliance with Rule 9(b).

The counterclaim fails to meet the requirements set forth in Rule 10(b) because it contains claims based on several distinct transactions and occurrences but it does not set them forth in separate counts.

Defendants shall have ten days to file an amended counterclaim that complies with the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Kramer & Frank's Motion to Dismiss, or in the Alternative, for a More Definite Statement [#6] is **GRANTED in part**. The motion to dismiss is **DENIED** without prejudice. The motion for a more definite statement is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants shall file an amended counterclaim in compliance with this Order within **ten (10) days from the date of this Order**. Failure to comply with this Order may result in the dismissal of Defendants' counterclaims with prejudice.

Dated this 2nd day of March, 2006.

                                           _____

                                           RODNEY W. SIPPEL
                                           UNITED STATES DISTRICT JUDGE