UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KRAMER & FRANK, P.C., | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV2395 RWS |
| | ) | |
| KEVIN WIBBENMEYER, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on Plaintiff Kramer & Frank's Motion to Strike Portions of

Defendants' Second Amended Counterclaim [#57]. Kramer & Frank seeks to have paragraph

twenty-nine (29) of Defendant's Second Amended Counterclaim [#52] stricken, pursuant to Rule

12(f) of the Federal Rules of Civil Procedure.

The motion shall be granted, and paragraph twenty-nine (29) of Defendant's Second

Amended Counterclaim [#52] shall be stricken.

*Background*

Kramer & Frank is a St. Louis law firm that represents MBNA, a credit card company, in

debt collection matters. Kramer & Frank initiated this lawsuit seeking declaratory judgment

pursuant to 28 U.S.C. § 2201 that its debt collection practices do not violate state or federal laws.

Kramer & Frank has represented MBNA in the collection of separate arbitration awards

entered in favor of MBNA against Defendants arising from credit card agreements entered into

between MBNA and Defendants. Those arbitration awards included awards for attorneys' fees.

Subsequent to winning the arbitration awards, Kramer & Frank filed motions to confirm the

awards as judgments against Defendants in various Missouri state courts.  Some of the arbitration

awards have been confirmed by the state courts.

Subsequent to arbitration, Defendants, by and through counsel, accused Kramer & Frank

of violating the Fair Debt Collection Practices Act and threatened to initiate litigation against

Kramer & Frank.  Kramer & Frank then initiated this suit.

Defendants filed their first Counterclaim on January 2, 2006.  Kramer & Frank filed a

motion to dismiss, or in the alternative, for a more definite statement with regard to the first

Counterclaim on February 10, 2006.  I granted the motion for a more definite statement on March

2, 2006, because the Counterclaim failed to meet the requirements of Rules 8, 9, or 10 of the

Federal Rules of Civil Procedure.[1]  In my Memorandum and Order, I ordered Defendants to file

an Amended Counterclaim that complies with the Rules of Civil Procedure.

Defendants filed their first Amended Counterclaim on March 10, 2006.  In response,

Kramer & Frank filed a motion to dismiss Defendants' Amended Counterclaim.  I granted this

motion after concluding that Defendants' Amended Counterclaim contained a laundry list of

allegations which were merely conclusory and did not identify the "who, what, when, where, and

how" as required by Rule 9(b).[2]  In my Memorandum and Order, I dismissed Defendant's first

Amended Counterclaim with prejudice.

On May 3, 2006, Defendants made a motion for relief from my order dismissing their

Amended Counterclaim with prejudice. On May 30, 2006 I held a hearing on Defendants' motion

and granted Defendants ten days to file an amended counterclaim.  Defendants filed their Second

Amended Counterclaim on June 9, 2006.  In Defendants' Second Amended Counterclaim,

---

[1] Docket No. 11.

[2] Docket No. 40.

paragraph twenty-nine attempts to "avoid unintentional abandonment of any claims set forth in the initial Counterclaim, each and every statement within the initially-filed Answer and Counterclaim is hereby incorporated by reference as if set forth verbatim herein, per Fed. R. Civ. Proc. 10."

### Legal Standard

Fed. R. Civ. P. 12(f) provides "upon motion made by a party before responding to a pleading ... or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court is afforded broad discretion in ruling on a motion to strike. Nationwide Ins. Co. v. Cent. Mo. Elec. Co-op., 278 F.3d 742, 748 (8th Cir. 2001).

While the Court has discretion to grant a motion to strike, such motions are viewed with disfavor and are infrequently granted." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). A Rule 12(f) movant "bears the burden of demonstrating that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." Strate v. Midwest Bankcentre, Inc., 2003 U.S. Dist. LEXIS 26277 (E.D. Mo. 2003). Nevertheless, a motion to strike "should be granted if it 'may have the effect of making the trial of the action less complicated, or [it] may have the effect of otherwise streamlining the ultimate resolution of the action.'" U.S. v. Dico, Inc., 189 F.R.D. 536 (S.D. Iowa 1999) (quoting Kelley v. Thomas Solvent Co., 714 F. Supp. 1439, 1442 (W.D. Mich. 1989)).

### Analysis

Kramer & Frank argue that Defendants attempt to incorporate their previous counterclaims is improper and beyond the scope of Rule 10. Kramer & Frank argue that

Defendants cannot preserve the claims they have repeatedly failed to adequately plead as required by the Federal Rules of Civil Procedure, and thus paragraph twenty-nine should be struck as improper, immaterial, redundant and scandalous. Kramer & Frank further argue that they would be prejudiced if paragraph twenty-nine is not struck from Defendants' Second Amended Counterclaim because they would be required to prepare a defense under theories of liability which Defendants have abandoned in their Second Amended Counterclaim.

Defendants respond to these arguments by referring to Federal Rule of Civil Procedure 10(c), which Defendants claim specifically authorizes a pleading to incorporate by reference a part from a different pleading. Rule 10(c), however, "was adopted to encourage pleadings that are short and free of unneeded repetition. [T]he drafters [did not intend] the rule to allow the use of a sweeping adoption clause which serves as nothing more than a boiler plate 'safety valve.'" Wolfe v. Charter Forest Behavioral Health Sys., Inc., 185 F.R.D. 225, 230 (D. La. 1999). Defendants' attempted incorporation of "each and every statement within the initially-filed Answer and Counterclaim" is precisely the sweeping adoption clause the drafters did not intend.

Additionally, Defendants are attempting to incorporate claims I have already dismissed with prejudice. I dismissed Defendants' first Amended Counterclaim because I had already allowed Defendants the opportunity to replead their first Counterclaim in compliance with Federal Rule of Civil Procedure 9(b), yet the allegations contained within that Amended Counterclaim did not meet the heightened pleading requirement of Rule 9(b). Pursuant to Federal Rule of Civil Procedure 41(b), an involuntary dismissal operates as an adjudication upon the merits. Therefore, Defendants cannot therefore preserve the claims they asserted in their first Answer and Counterclaim or the claims they asserted in their first Amended Answer and Counterclaim.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike [#57] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2006.