UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KRAMER & FRANK, P.C., | ) |
| --- | --- |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:05CV2395 RWS |
| | ) |
| KEVIN WIBBENMEYER, | ) |
| JOE HASKELL, ANITA COBB | ) |
| JESSICA STENNETT, AND | ) |
| BRANDI CHENEY, | ) |
| | ) |
| Defendants. | |

## **MEMORANDUM AND ORDER**

This matter is before me on Kramer & Frank, P.C.'s Motion to Dismiss Defendant's Second Amended Counterclaim [#55]. Because I find that the *Rooker-Feldman* doctrine prohibits Defendants' collateral attack on final state court judgements, I will grant the motion to dismiss the counterclaim..

*Background*

Defendants' Second Amended Counterclaim alleges unlawful, misleading, and wrongful acts by plaintiff law firm Kramer & Frank arising out of the collection of consumer debt accounts. Specifically, the defendants allege that Kramer & Frank:

- misrepresented the amount and character of debt incurred;

- "concealed, suppressed, or omitted" material facts in connection with providing consumer credit services to the Defendants;

- denied each of the defendants an opportunity to present defenses to a court of

competent jurisdiction.

The counterclaim seeks both legal and equitable remedies, including:

- a declaration that Kramer & Frank violated the Federal Debt Collection Practices Act (FDCPA) per 28 U.S.C. 220;

- an injunction against Kramer & Frank seeking enforcement of these arbitration awards;

- and fair and reasonable damages and attorney's fees incurred.

Kramer & Frank filed a Motion to Dismiss Defendants' Second Amended Counterclaim [#55] on July 15, 2006. After reviewing the counterclaim, I issued a Show Cause Order to the parties on November 29, 2006 asking the parties to show cause, in writing, why the counterclaim should not be dismissed pursuant to the *Rooker-Feldman* doctrine. I asked the parties to address whether the issues raised in the counterclaim should have been raised: 1) as defenses in state court actions; or 2) to vacate the state court awards pursuant to Section 435.405 R.S.Mo. (2006). The parties were further requested to address whether the counterclaim was a prohibited collateral attack on a final state court judgment. Defendants filed their response to the show cause order arguing that the *Rooker-Feldman* doctrine does not apply to their counterclaim. Kramer & Frank filed its response arguing that the counterclaim must be dismissed pursuant to the *Rooker-Feldman* doctrine, or in the alternative, the counterclaim should be dismissed because it is barred under the traditional res judicata analysis.

***Rooker-Feldman Doctrine***

The *Rooker-Feldman* abstention doctrine bars a party who lost in state court from seeking what is in substance appellate review of the state judgment in a United States district court, based

on the losing party's claim that the state judgment itself violates the loser's federal rights. Johnson v. De Grandy, 512 U.S. 997, 1005 (U.S. 1994). A federal court must give the same preclusive effect to a state court judgment that the judgment would be given in courts of the rendering state. See 28 U.S.C. § 1738. In Rooker v. Fidelity Trust Co., 263 U.S. 413, 68 L. Ed. 362, 44 S. Ct. 149 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983), the Supreme Court took this principle a step further and held that lower federal courts lack jurisdiction to review state court judgments. The doctrine also deprives lower federal courts of jurisdiction over claims that are "inextricably intertwined" with claims adjudicated in state court. See Feldman, 460 U.S. at 482 n. 16. On the other hand, a claim -- particularly a claim under federal law -- is not precluded if it is "separable from and collateral to the merits of the state-court judgment." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 21, 95 L. Ed. 2d 1, 107 S. Ct. 1519 (1987) (Brennan, J., concurring) (quotations and citations omitted). A claim is inextricably intertwined under Rooker-Feldman if it "succeeds only to the extent that the state court wrongly decided the issues before it [or] if the relief requested ... would effectively reverse the state court decision or void its ruling." Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995).

State judgments were entered against defendants Anita Cobb and Jessica Stennett. Arbitration awards were granted in the state actions of defendants Kevin Wibbenmeyer and Brandi Cheney. Despite Defendants' contentions, "a valid and final award by arbitration has the same effects . . . as a judgment of the court." U.S. Postal Service v. Gregory, 534 U.S. 1, 16 (2001).

Defendants contends that Defendant Haskell's claim is not barred by *Rooker-Feldman*

because this second amended counterclaim was filed in early January, at least one month prior to the state court's final judgment in his case on February 9, 2006. Upon examining the record, I find that Defendants are correct in arguing that Haskell's federal claim was filed prior to the final state court judgment. However, I have the discretion of staying my determination of an issue until the conclusion of a pending state court proceeding. Landis v. North American Co., 299 U.S. 248, 254 (1936) (holding that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). In the present case, the state court subsequently entered a judgment against Mr. Haskell on February 9, 2006, confirming the arbitration award as a judgment against Mr. Haskell.

As a practical matter, a state court judgment on a damage claim necessarily includes a determination of the damages to be awarded. Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1035 (8th Cir. 1999) (quoting Snider v. City of Excelsior Springs, Missouri, 154 F.3d 809, 812 (8th Cir. 1998)). Therefore, the defendants' amount of damages has been litigated and any subsequent recalculation by a lower federal court is a direct, appellate-like reversal of the state court, precisely the kind of lower federal court appellate review that *Rooker-Feldman* bars. Id.

Defendants argue that an FDCPA claim concerns the method of collecting debt and has nothing to do with whether the underlying debt is valid. On its face, defendants' federal counterclaim may initially appear to articulate legal claims that are "separable from and collateral to" those raised before the state court. However, it is clear that Defendants had the opportunity to seek to vacate the arbitration awards pursuant to R.S.Mo. § 435.405.1(1), which allows for an award to be vacated when the award was "procured by corruption, fraud or other undue means."

Defendants had an opportunity to challenge these arbitration decisions through the state court of competent jurisdiction, yet failed to do so. Without commenting on the merits of defendants' arguments, I simply reiterate that federal parties cannot by artful pleading obtain a hearing of disguised state court appeals that would otherwise be subject to a *Rooker-Feldman* bar. *See* Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1034 (8th Cir. 1999); Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir. 1992) (party "cannot be allowed to escape *Rooker-Feldman* by raising a new constitutional theory in federal court").

### *Res Judicata*

Defendants' claims are further barred under the doctrine of res judicata. Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). There are three requirements that must be met in order to apply res judicata: "(1) whether the prior judgment was rendered by a court of competent jurisdiction; (2) whether the prior judgment was a final judgment on the merits; and (3) whether the same cause of action and the same parties or their privies were involved in both cases." Banks v. International Union Electronic, Elec., Technical, Salaried and Machine Workers, 390 F.3d 1049, 1052 (8th Cir. 2004). Here, all of the defendants received state court judgments or state confirmed arbitration awards, each rendered by a court of competent jurisdiction. Defendants had an opportunity to appeal these decisions through appropriate state court channels yet failed to do so, making these judgments final on the merits.

Where a plaintiff fashions a new theory of recovery or cites a new body of law that was arguably violated by a defendant's conduct, res judicata will still bar the second claim if it is

based on the same nucleus of operative facts as the prior claim.  <u>Lane v. Peterson</u>, 899 F.2d 737, 744 (8th Cir. 1990).  Here, the defendants are challenging the very judgments and arbitration awards rendered by the state court, which necessarily are based on the same nucleus of operative facts.  Therefore, the same cause of action and the same parties (the enumerated defendants) are involved in both cases.  Having satisfied all three requirements, the doctrine of res judicata is applicable and precludes litigation of the counterclaim.

*Conclusion*

Defendants' federal counterclaim was brought subsequent to unfavorable state court judgments and arbitration awards.  Because Defendants failed to appeal via state court processes despite having the opportunity to do so, this federal action was merely an indirect attempt to circumvent unfavorable state court judgments.  As a result, Defendants' counterclaim is a collateral attack on final state court judgments and is prohibited under the *Rooker-Feldman* doctrine and the doctrine of res judicata.

Accordingly,

**IT IS HEREBY ORDERED** that Kramer & Frank, P.C.'s Motion to Dismiss Defendants' Second Amended Counterclaim [#55] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of March, 2007.